**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JAMES MICHAEL HAYES,**

**Plaintiff,**

**v.**                                                              **CIVIL ACTION NO. 2:05cv39**
                                                                          **(Maxwell)**

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,**

**Defendant.**

## ORDER

On November 2, 2005, the Court referred this Social Security action to United States

Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the

Federal Rules of Civil Procedure and Local Rule 7.02(c), with directions to consider the

same and to submit to the Court proposed findings of fact and a recommendation for

disposition.  On June 12, 2006, Magistrate Judge Kaull filed his Report and

Recommendation wherein the parties were directed, in accordance with 28 U.S.C. §

636(b)(1), to file with the Clerk of Court any written objections within ten (10) days after

being served with a copy of the Report and Recommendation.  No objections were filed.

Upon examination of the report from the Magistrate Judge, it appears to the Court

that the issues raised in the cross motions for summary judgment and for judgment on the

pleadings were thoroughly considered by Magistrate Judge Kaull in his Report and

Recommendation.  The Court, upon an independent <u>de novo</u> consideration of all matters

now before it, is of the opinion that the proposed Report and Recommendation accurately

reflects the law applicable to the facts and circumstances before the Court in this action.  As

more fully stated in the Magistrate Judge's Report and Recommendation, the Court finds

that the Commissioner's decision denying Plaintiff's application for SSI is not supported by

substantial evidence.  Therefore, it is

**ORDERED** that Magistrate Judge Kaull's proposed Report and Recommendation be, and hereby are, accepted in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge.  Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment be, and the same hereby is, **DENIED**.  It is further

**ORDERED** that the Plaintiff's Motion for Summary Judgment be, and the same hereby is, **GRANTED IN PART**.  It is further

**ORDERED** that this matter is **REVERSED AND REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further action in accordance with the Report and Recommendation.  In accordance with <u>Shalala v. Schaefer</u>, 113 S.Ct. 2625 (1993), it is further

**ORDERED** that the Clerk of Court shall enter judgment reversing the decision of the Defendant and remanding the case to the Defendant for further proceedings and shall thereafter **DISMISS** this action from the docket of the Court.

Counsel for the Plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the judgment order.

The Clerk of Court is directed to enter a separate judgment order and to send a copy of this Order to all counsel of record.

**ENTER:** September  21st , 2006

_____**/s/ Robert E. Maxwell**_____
United States District Judge

2